UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEVEN M. COOPER,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

Civil No. 09-784-HU

ORDER

HAGGERTY, District Judge:

    Magistrate Judge Hubel referred to this court a Findings and Recommendation [16] in this matter. Magistrate Judge Hubel recommends affirming the decision of the Commissioner denying plaintiff's application for Disability Insurance Benefits and Supplemental Security Income. Plaintiff filed timely objections to the Findings and Recommendation. For the following reasons, this court adopts the Findings and Recommendation.

**<u>STANDARDS</u>**

    When a party objects to any portion of a Findings and Recommendation, the district court must conduct a *de novo* review. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v.*

1 -- ORDER

*Commodore Bus. Mach. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).  The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

## BACKGROUND

The Findings and Recommendation contains a detailed factual summary outlining the history of this matter and a detailed summary of the legal standards relevant to the issues in this case.  These summaries are adopted.

## DISCUSSION

This court has reviewed the Findings and Recommendation *de novo* and plaintiff's objections.  The Findings and Recommendation is well reasoned and supported by the medical records provided.  Plaintiff's objections are without merit.

Plaintiff objects that the Findings and Recommendation went beyond the scope of the Administrative Law Judge's (ALJ) opinion.  The Findings and Recommendation affirmed the ALJ's opinion based on the ALJ's specific reasoning, as well as additional findings in the record—this was not a *post hoc* rationalization.  The Findings and Recommendation did not seek to affirm the ALJ's opinion "by substituting what it considers to be a more adequate or proper basis."  *See SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).  Instead, the ALJ's opinion rejected plaintiff's subjective complaints based on the objective medical record, plaintiff's daily activities, and inconsistencies in plaintiff's reporting.  Tr. 18-23.[1]  The Findings and Recommendation also relied on the medical evidence, plaintiff's daily activities, and significant evidence of plaintiff's inconsistencies in affirming the ALJ's non-disability finding.  Findings and Recommendation at 58-59 (citations omitted).

---

[1] Tr. refers to the Transcript of the Administrative Record.

2 -- ORDER

The Findings and Recommendation discussed additional evidence of plaintiff's possible malingering and exaggerated self-reporting in the record. *Id.* at 57-60. This discussion was unnecessary for plaintiff's credibility determination, however, because the Findings and Recommendation acknowledged the ALJ's other clear and convincing reasons for discrediting plaintiff's testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (holding that an ALJ may properly reject the claimant's testimony by offering specific, clear and convincing reasons for doing so); *Magallanes v. Bowen*, 881 F.2d 747, 755-56 (9th Cir. 1989) (holding that the ALJ properly considered the claimant's activity level, objective medical findings, and other probative evidence showing lack of disability).

The Findings and Recommendation also correctly found that plaintiff's past relevant work was not a composite job and was not improperly classified by the ALJ. An ALJ may not define a claimant's past relevant work based on the work's least demanding function. *Valencia v. Heckler*, 751 F.2d 1082, 1086 (9th Cir. 1985); *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008) (holding that the ALJ improperly classified the claimant's past relevant work by its least demanding function where the claimant testified that only twenty percent of his job involved light-duty work). A claimant's past relevant work also cannot be defined with broad generic descriptions. *Vertigan v. Halter*, 260 F.3d 1044, 1051 (9th Cir. 2001). However, an ALJ may consider the claimant's subjective description of past relevant work as it was actually performed, as well as rely upon other resources such as the Dictionary of Occupational Titles (DOT) and the testimony from a vocational expert (VE) to determine how that work is generally performed in the national economy. 20 C.F.R. § 404.1560(b)(2).

Plaintiff's assertion that his past relevant work involved greater exertional requirements than the ALJ and VE considered is unsupported. On his work history report, plaintiff described

3 -- ORDER

his temporary office worker position as "filled in for vacationing employees-performed various duties- data entry, accounting, writing, whatever was necessary." Tr. 132.  Plaintiff reported that he "moved file boxes (sometimes [with] handtruck) office supplies, etc.," but failed to provide the frequency for this task.  *Id.*  Plaintiff also marked the boxes indicating that the heaviest weight he lifted was fifty pounds, and that he frequently lifted twenty-five pounds.  *Id.*

Despite plaintiff's self-report that he frequently lifted more weight than his residual functional capacity allowed, plaintiff provides no evidence to establish that the majority of his temporary office work was heavy work as opposed to its general description as sedentary work.  Accordingly, the ALJ did not err in relying on the VE's testimony and the DOT's description of plaintiff's office worker position.

Each of plaintiff's objections has been considered.  This court adopts the Findings and Recommendation in its entirety.

## **CONCLUSION**

For the reasons provided, the court adopts the Findings and Recommendation [16].  The Commissioner's decision denying Steven Cooper's benefits is AFFIRMED.

IT IS SO ORDERED.

DATED this   1   day of November, 2010.

                                                         /s/ Ancer L. Haggerty   
                                                      Ancer L. Haggerty  
                                          United States District Judge